IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ! | |
| VS | ! | 7:19-CR-2203-33 |
| MARIA DEL CORRAL PONCE-TORRES | ! | |

**DEFENDANT'S OPPOSED MOTION TO DISMISS WITH PREJUDICE FOR VIOLATION OF DEFENDANT'S RIGHT TO SPEEDY TRIAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** Defendant MARIA DEL CORRAL PONCE-TORRES and brings this Opposed Motion to Dismiss with Prejudice for Violation of Defendant's Right to Speedy Trial, and in support thereof, shows the following:

1. Defendant has been charged by criminal indictment with conspiracy to possess with intent to distribute a controlled substance, to wit: 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections, 846, 841 (a) (1) and 841 (b) (1) (A).

2. Defendant hereby requests that the Court dismiss with prejudice the indictment pending against her for violation of the Sixth Amendment to the United States Constitution. This indictment should be dismissed because the Government failed to prosecute the Defendant within a reasonable amount of time.

3. The Sealed Fourth Superseding Indictment listing Defendant was filed on June 16, 2020. The arrest warrant for Defendant was issued on June 16, 2020 and Defendant was arrested on September 26, 2022.

4. The case of <u>Barker v. Wingo</u>, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972) holds that the right to a speedy trial is constitutionally guaranteed by the Sixth Amendment to the United States Constitution and the four factors  to consider in a constitutional claim of denial of

speedy trial are: (1) the length of delay (2) the reason for the delay (3) the Defendant's assertion of his or her right to s speedy trial and (4) the prejudice to the Defendant.

5. The United States Supreme Court has set forth an inquiry for the length of delay factor in <u>Doggett v. United States</u>, 505 U.S. 647, 112 S. Ct. 2686 (1992). The court found that post accusation delay of at least one (1) year is presumptively prejudicial. In this case the delay has been approximately 26 months which is well over the one year delay set forth in Doggett.

6 The second factor is the reason for the delay. If the Defendant is at fault, no further analysis is necessary. If it is the government's fault, it weighs in favor of the Defendant. <u>Barker</u>, 407 U.S. at 531, 92 S. Ct. 2192. In Doggett the prosecution argued that Doggett knew of the indictment and was actively evading law enforcement officials. The Government must present credible evidence that Defendant in this case knew of the charges.

7. The third factor is the Defendant's assertion of a right to a speedy trial. Although <u>Barker</u> states that a defendant has no duty to bring himself to trial, it is necessary to assert the right to a speedy trial. In this case, Defendant is asserting her right to a speedy trial after completion of discovery and consultation with her attorney and this motion is being presented before her first pre-trial in this proceeding.

8. The fourth factor concerns prejudice to the Defendant. In this case Defendants prejudice is in the impairment of her defense. The indictment in this case alleges criminal activity by the Defendant between August 31, 2016 to February 12, 2020. This concerns acts occurring 6 to 4 years before Defendant was arrested in this case. This length of time has undoubtedly eroded memories and physical evidence.

9. More than 6 years have elapsed since some of the acts for which Defendant was indicted occurred. In addition it has been more than 2 years since Defendant was indicted in this case. The combination of delay and government omission and has deprived Defendant of her right to a speedy trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Maria Del Coral Ponce-Torres, prays that this Court will enter an Order dismissing the charges against her for violation of her right to speedy trial, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

LAW OFFICE OF JUAN E. GONZALEZ, PLLC
3110 E. Bus. Hwy 83
Weslaco, Texas 78596
956/447-5585
Fax 956/447-8637

/S/JUAN E. GONZALEZ
JUAN E. GONZALEZ
FEDERAL ID  136

## CERTIFICATE OF SERVICE

I, Juan E. Gonzalez, Attorney for the Defendant in the above and foregoing Motion, do hereby certify that a copy of the same has been forwarded via email on December 14, 2022, to the following:

Roberto Lopez
Assistant U.S. Attorney
Email: Roberto.Lopez2@usdoj.gov

/s/JUAN E. GONZALEZ
JUAN E. GONZALEZ

## **CERTIFICATE OF CONSULTATION**

      I, Juan E. Gonzalez, do certify that pursuant to the Local Rules for the Southern District of Texas, conferred with the Assistant United States Attorney, prior to filing this Motion for Continuance and he is opposed to this Motion.

                                          /s/JUAN E. GONZALEZ  
                                          JUAN E. GONZALEZ